IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**JOHN W. McQUEEN,**

        **Plaintiff,**

  vs.                                    Civil Action 2:12-CV-166
                                               Judge Smith
                                               Magistrate Judge King

**T. PYLES,** *et al.*,

        **Defendants.**


## REPORT AND RECOMMENDATION

This matter is before the Court on the motion to dismiss filed on behalf of defendant T. Pyles. *Defendant's Motion to Dismiss*, Doc. No. 20. For the reasons that follow, it is **RECOMMENDED** that *Defendant's Motion to Dismiss* be **GRANTED** and that the claims against defendant Pyles be dismissed with prejudice and that the claims against defendant R. Waugh, who has not yet been served with process, be dismissed without prejudice.

    **I.    MOTION TO DISMISS**

Plaintiff, a state inmate, "brings this civil rights action after having it dismissed in state court." *Complaint,* Doc. No. 1, at 5. Plaintiff specifically complains that defendants, two prison officials, discriminated against plaintiff because of his religious beliefs and race. The *Complaint,* Doc. No. 1, alleges that defendant Pyles "persecut[ed]" plaintiff, "attempt[ed] to get [plaintiff] locked up for praying" and "conduct[ed] himself toward [plaintiff], while

1

leaving other inmates" alone.  *Id.* at 5.  The *Complaint* also alleges that defendant Waugh discriminated against plaintiff based on race by requiring plaintiff to serve two food service items while everyone else was only required to serve one item.  *Id.* at 5-6.

Attached to the *Complaint* is a copy of a decision of the Court of Common Pleas for Madison County, Ohio, dated January 25, 2012, which dismissed a civil action filed by plaintiff.  Exhibit 1, attached to *Complaint*, at 1-2.  Although the actual complaint filed in the Madison County action is not a part of the record in this case, the decision of the Court of Common Pleas for Madison County quotes allegations against the same prison officials that are nearly identical to the allegations in the case presently before the Court.  *Id.*  Although plaintiff alleges in this action that the prior state court action was dismissed for failure to comply with certain procedural requirements, *see* O.R.C. § 2969.25, the state court actually dismissed the action for failure "to state a civil rights [§] 1983 claim with the specificity required to withstand Civil Rule 12(B)(6) scrutiny."  *Id.* at 3.

Defendant Pyles moves to dismiss plaintiff's *Complaint* for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.  *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983).  In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be

accepted as true. *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). The United States Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Defendant Pyles argues that plaintiff's claim should be dismissed because it is barred by the doctrine of res judicata. "'If an individual is precluded from litigating a suit in state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court.'" *ABS Indus., Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank*, 333 Fed. Appx. 994, 998 (6th Cir. 2009) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987). "Under Ohio law, 'a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Id.* (quoting *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995)). Ohio law specifies that res judicata, also referred to as claim preclusion, is properly applied when the

following four elements have been established:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997)) (quoting *Felder v. Cmty. Mut. Ins. Co.*, No. 96–3320, 1997 WL 160373, at *3–4 (6th Cir. Apr. 4, 1997)).

Plaintiff previously initiated an action against defendants T. Pyles and R. Waugh in the Court of Common Pleas for Madison County, Ohio. *Complaint*, p 5; *Exhibit* attached to *Complaint*, p. 1. In that action, plaintiff apparently asserted a § 1983 claim based on facts nearly identical to those alleged in the *Complaint*. Compare *Complaint*, pp. 5-6, with *Exhibit* attached to *Complaint*, pp. 1-3. The state court entered a judgment of dismissal after determining that plaintiff failed "to state a civil rights § 1983 claim with the specificity required to withstand Civil Rule 12(B)(6) scrutiny." *Exhibit*, attached to *Complaint*, p. 3. There is no dispute that the current action involves the same parties, raises the same claims, and arose out of the same occurrence as the prior state court action. There is also no dispute that a prior judgment, now presumably final, was rendered in that action on January 25, 2012. The only issue in dispute in this action is whether the January 25, 2012 judgment was a resolution of the merits of the state court action.

Plaintiff contends that the state court judgment was not a resolution on the merits because it did not state that dismissal was with prejudice. *Plaintiff's Response to Defendant's Motion to*

4

*Dismiss*, Doc. No. 23, at 3-4. Under Ohio law, however, a dismissal, other than for lack of jurisdiction or for failure to join a party under Ohio Civ. R. 19 or 19.1, "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Ohio Civ. R. 41(B)(3), (4). *See also Reasoner v. Columbus*, No. 04AP-800, 2005 WL 289574, at ¶¶ 6-7 (10th Dist. Feb. 8, 2005); *Customized Solutions, Inc. v. Yurchyk & Davis, CPA's, Inc.*, No. 03 MA 38, 2003 WL 22120273, at ¶ 23 (7th Dist. Sept. 10, 2003) ("[I]f the Civ. R. 12(B)(6) dismissal order fails to state that it is without prejudice or that it is not on the merits, then the dismissal is automatically categorized as a dismissal with prejudice or on the merits."). The judgment in the prior state action did not address the issue of prejudice; therefore, under Ohio law the prior action was dismissed with prejudice and is considered a judgment on the merits. Based on the foregoing, all the elements of claim preclusion have been met and plaintiff cannot relitigate his claims in this Court.[1]

## II. CLAIMS AGAINST DEFENDANT WAUGH

Service of process on defendant Waugh was returned unexecuted. Doc. No. 30. The Court would ordinarily order plaintiff to show cause why the claims asserted against this defendant should not be dismissed for failure to make timely service of process. *See* Fed. R. Civ. P. 4(m). However, in light of its conclusion, *supra*, that the action cannot proceed in this Court, the Court concludes that to do so would be an exercise in futility. Because the Court presently lacks

---

[1] Defendant Pyles also argues that the specific factual allegations of the *Complaint* filed in this action are insufficient. However, because the Court concludes that plaintiff is foreclosed from litigating his claims in this Court, the Court need not consider this argument.

5

personal jurisdiction over defendant Waugh, however, the claims against him must be dismissed without prejudice.

**WHEREUPON**, it is **RECOMMENDED** that *Defendant's Motion to Dismiss*, Doc. No. 20, be **GRANTED**, and that the claims asserted against defendant Pyles be dismissed with prejudice but that the claims asserted against defendant R. Waugh be dismissed without prejudice.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

September 18, 2012             *s/ Norah McCann King*
                                         Norah M<sup>c</sup>Cann King
                                United States Magistrate Judge